[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF DECISION
This is an articulation of a decision with respect to a motion to modify dated March 13, 2000. The motion is coded as No. 108, and seeks to modify alimony as well as the visitation schedule. This motion was heard on April 20, 2000. A decision granting the motion insofar as visitation and denying the motion as to alimony was issued on May 9, 2000. A motion for articulation dated May 22, 2000 was filed on June 16, 2000.
The original dissolution of marriage action in this case was dated July 15, 1998 and returnable on August 4, 1998. The complaint alleged that the parties had been married in 1981, and were the parents of three minor children. The complaint advanced to judgment dated August 20, 1999. That judgment incorporated a separation agreement which was submitted and approved by the court. The separation agreement provided among other things that the plaintiff husband would pay the sum of $2,500.00 per month as child support and the sum of $7,500.00 per month as alimony. The agreement/judgment also provides for the conveyance of jointly owned real estate in Cheshire, Connecticut to the defendant wife and her assumption of obligations on the mortgage and debts associated with that property. A property owned by the parties in Tampa, Florida was conveyed to the plaintiff husband together with the liabilities associated with that property. There were deferred compensation and retirement plans roughly in the amount of $750,000.00. From those funds, the sum of $168,000 was transferred to the husband which represented the difference between the equity in the Connecticut home and the Florida real estate. The balance of those funds were divided equally between the parties. The plaintiff husband was also obligated to maintain insurance for the defendant and the minor children.
The plaintiff, David Olive, testified that approximately four weeks after the date of his divorce he was requested to step down from his position at Yale University. He was employed as a physician at the school CT Page 9998 of medicine within the department of obstetrics and gynecology. He was the head of the section of reproduction and fertility. His testimony was that he was a full professor at the University. He left because he was being asked to step down as division director. His annual salary had been $214,000.00 and it would have been reduced to as low as $170,000.00 or $150,000.00 as a result of his losing the directorship. His testimony further was that he walked out of the chairman's office when he was asked to step down as the division director.
Subsequent to that, the plaintiff states that he applied for a number of different positions in his field. At the end of a search, the ended up at the Baylor University Medical Center in Dallas, Texas. He negotiated a contract in order to start a fertility clinic. The contract calls for a yearly salary of $200,000.00 in addition to funds in order to start his own practice. The funds to start his own practice are in a form of a guarantee which he is obligated by contract to repay. That contract will last 14 months. Additionally, the plaintiff indicates that he is not able to earn additional consulting fees and fees as expert witnesses which he previously had, until the moneys advanced under the contract are repaid, which is anticipated to be fourteen months. If he earns those fees now, he is obligated to return them as repayment for the loan under the terms of his contract. Aside from the reduction of his income, the other factors cited by the plaintiff in support of the modification are that he has additional costs of insurance and additional costs of travel to see his children.
The court denied that portion of the motion for modification which called for reduction of alimony. In so doing, the court considered that the reduction in the plaintiffs salary was not substantial His base salary at the time of the dissolution was approximately $216,000.00 per annum. His salary now is $200,000.00. In addition, the court considered that the plaintiff, who had remarried on September 26, 1999, negotiated the salary for his new wife as an officer in his new corporation. He negotiated a salary for her of $175,000 which is $25,000 in excess of the median annual salary for somebody with her level of education. The court considered that the length of his contract which limits to some extent the income he can earn is of a fairly brief duration. The court concluded from the testimony offered that the plaintiff relocated to Texas at least in part because of the opportunity that was available for his new wife. He has a new medical practice which is partially subsidized by Baylor University. He sought modification of the alimony only and not of his child support obligation. His wife's income was considered under the holding in Unkelbach v. McNary, 244 Conn. 350 (1998). For those reasons, the motion to modify the alimony as dictated by the terms of the separation agreement was denied. CT Page 9999
Robaina, J.